UNITED STATES COURT OF APPEALS
TENTH CIRCUIT
**Filed 4/10/96**

STEVEN E. MOORE,                                  )
                                                  )
      Plaintiff-Appellant,                 )
                                                  )
vs.                                               )          No. 95-1444
                                                  )      (D.C. No. 95-S-2421)
ROY ROMER, Governor, State of Colorado;           )          (D. Colo.)
in his official and individual capacity;          )
WILLIAM RITTER, State District Attorney's         )
Office, in his official and individual capacity;  )
DAVID F. VELA, State Public Defenders             )
Office, in his official and individual capacity;  )
STATE CLERK OF COURT, name unknown,               )
                                                  )
      Defendants-Appellees.                )

## ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.[**]

Plaintiff Steven E. Moore filed a combined 42 U.S.C. § 1983 civil rights action

and 28 U.S.C. § 2254 habeas corpus petition and alleged Defendants violated his Fifth,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument.

Sixth, and Fourteenth Amendment rights by refusing to rule on his state habeas petition. The district court concluded Plaintiff failed to demonstrate that Defendants deprived him of a right secured by the United States Constitution, Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970), and dismissed the § 1983 action as frivolous under 28 U.S.C. § 1915(d). The court found that Plaintiff had failed to exhaust his state remedies, and that his state habeas petition was pending, and therefore dismissed Plaintiff's § 2254 petition. See 28 U.S.C. § 2254(b) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State.").

On appeal, Plaintiff maintains the district court erred by dismissing his § 1983 action and his § 2254 petition. We have reviewed Plaintiff's brief and the entire record before us. Based upon our review of the record, we find no reversible error and affirm for substantially the same reasons set forth in the district court's order.

AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

2